UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KENNETH BETTS,

                Plaintiff,

       -v-

IVAN RODRIGUEZ; KELTHLYN FREDERICK; GLENDA WAJER; SGT. R. MORRISON,

                Defendants.

15-CV-3836 (JPO)

ORDER

---

J. PAUL OETKEN, United States District Judge:

    Plaintiff Kenneth Betts, *pro se* and proceeding *in forma pauperis*, filed this action on May 7, 2015.  (Dkt. No. 2.)  In his amended complaint, he alleges that he was repeatedly and unlawfully beaten before and after his arrest by officers of the New York Police Department, and that he was denied timely appropriate medical attention, all in violation of 42 U.S.C. § 1983.  (Dkt. No. 20.)  On March 22, 2016, Defendants moved to dismiss.  (Dkt. No. 36.)  Rather than oppose, Betts applied to the Court for the appointment of counsel.  (Dkt. No. 42.)  He writes that he "will not be able to adequately vindicate [his claims] since the matter has become increasingly complex."  (*Id.*)

    A district court may appoint counsel under 28 U.S.C. § 1915(e).  The Second Circuit has directed district court's to determine first whether the plaintiff made "a threshold showing of some likelihood of merit."  *Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) (quoting *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 174 (2d Cir. 1989)).  Once that showing has been met, a district court "should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented . . ., the indigent's ability to present the case, the complexity of the legal issues and any

special reason in that case why appointment of counsel would be more likely to lead to a just determination." *Id.* at 42 (citing *Hodge v. Police Officers*, 802 F.2d 58, 59 (2d Cir. 1986)). District courts must remain aware that "[v]olunteer lawyer time is a precious commodity." *Cooper*, 877 F.2d at 172.

There is at least some chance that the allegations of the amended complaint will succeed. *See, e.g.*, *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 204 (2d Cir. 2003) (noting that a *pro se* litigant need only show "some chance of success" or "seem[] likely to be of substance" (internal quotation marks omitted)). However, the legal issues in the case do not yet seem particularly complex, and at this stage of the case, Betts has no need for assistance investigating the crucial facts or for assistance in cross-examination. Nor is appointment of counsel appropriate for any special reason.

Accordingly, Betts's application for appointment of counsel is denied without prejudice to renewal at a later stage in the case. *See, Quadir v. N.Y. State Dep't of Labor*, 39 F. Supp. 3d 528, 543 (S.D.N.Y. 2014). Betts's time to respond to the motion to dismiss is extended to May 22, 2015. If his opposition is not delivered to the proper prison authorities before that date, the Court will consider Defendant's motion to be unopposed.

SO ORDERED.

Dated: April 25, 2016
New York, New York

_____
J. PAUL OETKEN
United States District Judge

COPY MAILED TO PRO SE PARTY